UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

SHERRY M. ANWARI,               )
                                )
         Plaintiff              )
                                )
     v.                         )   Case No. 2:06 cv 384
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social Security )
                                )
         Defendant              )

## REPORT AND RECOMMENDATION

This matter is before the court on the Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act filed by the plaintiff, Sherry Anwari, on February 2, 2009. For the reasons set forth below, the court **RECOMMENDS** that the motion be **GRANTED**.

## Background

Plaintiff Sherry Anwari brought this suit to contest a denial of disability benefits by the defendant, Michael J. Astrue, Commissioner of Social Security ("Commissioner"). On October 21, 2008, this court entered a Report and Recommendation ("Report") that recommended the reversal of the Commissioner's denial of benefits and that the case be remanded to the Commissioner for further proceedings. Neither party filed an objection to the Report. On November 25, 2008, United States District Judge Theresa Springmann adopted the Report, reversing the Commissioner's decision and remanding the case to the Commissioner for further proceedings. Anwari filed a motion and a supplemental motion to recover attorney's fees in the amount of $5,216.40

under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412. The Commissioner opposes Anwari's fee request, arguing that the government's litigation position was substantially justified throughout both the administrative and judicial stages of this matter.

Anwari's claim was based on conditions that included obesity, degenerative disc disease, and major depression. (Report p. 12) The ALJ rejected her application for reasons that included discounting Anwari's credibility and the medical conclusions of Dr. Robert Coyle, mischaracterizing the medical records of Dr. Patrick Fleming, and failing to consider properly the opinions of her therapist, Gayle Sangster.

In the order reversing the ALJ's decision, the court concluded that the ALJ erred in discounting the medical conclusions of Dr. Coyle. (Report p. 18) The record did not support the ALJ's determination that Dr. Coyle's opinion was faulty, and the ALJ failed to consider evidence that Anwari was being treated for depression and in group therapy. (Report pp. 18-19) The court found the outright rejection of Dr. Coyle's opinion failed to meet the requirements of 20 C.F.R. §404.1427.

Further, the court found the ALJ improperly discredited Anwari's therapist, Sangster, because she was not an acceptable medical source. (Report p. 19) The court explained that the regulations require and encourage the ALJ to consider evidence from other sources, especially when the treating source has a long-standing relationship with the individual. (Report pp. 19-

20) Additionally, the court found the record reflected that Anwari consistently suffered from chronic depression, and the ALJ mischaracterized Dr. Fleming's opinion to suggest Anwari only suffered from mild depression and anxiety. (Report p. 20) Moreover, an occasional recognition that Anwari had improved or was responding well to medication was not evidence of an inconsistency among the medical opinions concerning the severity of Anwari's condition. (Report p. 20)

The court also found the ALJ improperly discredited the testimony of Anwari by failing to articulate specific reasons for discounting the claimant's testimony and to build a bridge between the evidence and conclusions. (Report pp. 23-24) Finally, the court stated the ALJ failed to inform the vocational expert about Anwari's sit/stand limitation. (Report pp. 23-24) Therefore, the court held the ALJ's decision based on this criteria could not stand. (Report p. 24)

## Discussion

The EAJA provides that a prevailing plaintiff in a civil action against the United States is entitled to recoup reasonable attorney fees and other expenses, "unless the court finds that the position of the United States was substantially justified, or that special circumstances make the award unjust." 28 U.S.C. §2412(d)(1)(A); **Conrad v. Barnhart**, 434 F.3d 987, 989 (7th Cir. 2006). The plaintiff must submit a fee application and itemized statement "to the court within 30 days of final judgment." **United States v. Hallmark Construction Company**, 200 F.3d 1076,

3

1078-79 (7th Cir. 2000). *See also* 28 U.S.C. §2412(d)(1)(B). The district court's award of attorney's fees under the EAJA is reviewed for an abuse of discretion. ***Pierce v. Underwood***, 487 U.S. 552, 560, 108 S.Ct. 2541, 2548, 101 L.Ed.2d 490 (1988); ***Golembiewski v. Barnhart***, 382 F.3d 721, 723 (7th Cir. 2004).

The Commissioner's position is substantially justified if it has a "reasonable basis in both law and fact." ***Pierce***, 487 U.S. at 565, 108 S.Ct. at 2550. The United States bears the burden of showing that "its position was grounded in (1) a reasonable basis in truth for the theory propounded; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." ***Hallmark Construction***, 200 F.3d at 1080. In determining whether fees should be awarded under the EAJA, the trial court does not re-evaluate the merits of the underlying case, but instead must "analyze the actual merits of the government's litigating position." ***Golembiewski***, 382 F.3d at 724. *See also* ***Hallmark Construction***, 200 F.3d at 1080-81; ***Young v. Barnhart***, 134 Fed.Appx. 81, 84 (7th Cir. 2005)(noting that the EAJA inquiry focuses on the issues which lead to the remand). The district court's assessment of the government's position encompasses the pre-litigation and litigation conduct of the government and "makes only one determination for the entire civil action." ***Conrad***, 434 F.3d at 990. Finally, the ultimate outcome of the litigation does not conclusively determine whether the government's position was substantially justified. *See* ***Hallmark Construction***, 200 F.3d

1079-80 ("Conceivably, the Government could take a position that is not substantially justified, yet win, even more likely it could take a position that is substantially justified, yet lose.").

The Commissioner argues the government was substantially justified in defending the ALJ's decision. However, this court finds the argument unpersuasive considering the overall determination of this case.

Courts have concluded that the Commissioner's defense of a decision in which the ALJ mischaracterized material evidence was not substantially justified. **Scoles v. Astrue**, 2009 WL 1010425, at *3 (N.D. Ind. Apr. 13, 2009)(*citing* **Golembiewski**, 382 F.3d at 724-25; **Hill v. Astrue**, 2009 WL 269997, at *2 (E.D. Wis. Feb. 2, 2009); **Steele v. Barnhart**, 2002 WL 31478268, at *2 (N.D. Ill. Nov. 5, 2002)). Although the ALJ in this case discussed the various medical opinions of record, the ALJ's consideration of these opinions was compromised by a mischaracterization of certain evidence pivotal to his decision. Therefore, the Commissioner was not substantially justified in defending the ALJ's mischaracterization of the medical opinions.

The Commissioner contends that the ALJ did not reject Sangster's opinion, but merely declined to give the opinion significant weight. However, the court found the ALJ rejected Sangster's opinion as a therapist because she was not an "acceptable medical source" and for a supposed inconsistency with Dr. Fleming's treatment records. The court explained that the

5

regulations encourage the ALJ to view the opinions of treating therapists under the same factors as medical sources, and the ALJ failed to follow these regulations. *See* SSR 06-03p ("An opinion from a 'non-medical source' who has seen the claimant in his or her professional capacity may, under certain circumstances, properly be determined to *outweigh the opinion from a medical source*, including a treating source. For example, this could occur if the 'non-medical source' has seen the individual more often and has greater knowledge of the individual's functioning over time and if the 'non-medical source's' opinion has better supporting evidence and is more consistent with the evidence as a whole.")(emphasis added). The court further stated that Dr. Fleming's occasional recognition of Anwari's improvement and favorable response to medication did not demonstrate an inconsistency with Sangster's opinion. The court found the ALJ improperly discounted the weight of Sangster's opinion because the evidence was entitled to consideration consistent with 20 C.F.R. §404.1517 and SSR 06-03p. The Commissioner was not justified in defending the ALJ's rejection of Sangster's opinion because the ALJ failed to follow federal law and longstanding agency regulations in evaluating the evidence.

Next, the Commissioner argues that the ALJ was correct in discounting the opinion of Anwari's examining psychologist, Dr. Coyle. The Commissioner's argument fails because the ALJ again rejected the medical opinion without following the proper rules and regulations. The court found the ALJ's outright rejection of

Dr. Coyle's opinion fell short of the requirements of 20 C.F.R. §404.1427. The ALJ must, at a minimum, articulate the reasons for his decision. *Stewart v. Astrue*, 2009 WL 859830, at *3 (Apr. 2, 2009)(holding "[A] denial of benefits cannot be sustained where an ALJ failed to articulate the basis of his assessment of a claimant's impairment."); *Brindisi v. Barnhart*, 315 F.3d 783, 786-87 (7th Cir. 2003); *Scott v. Barnhart*, 297 F.3d 589, 595-96 (7th Cir. 2002); *Steele v. Barnhart*, 290 F.3d 936, 940-41 (7th Cir. 2002). In discounting and rejecting Dr. Coyle's opinion, the ALJ took it upon himself to diagnose stress as the cause of Anwari's depression and engaged in circular reasoning to support discounting the medical evidence. The ALJ also mischaracterized the test results as inconsistent, but he failed to address the MMPI-2 test that confirmed the test results, as well as depression, anxiety, mental confusion, hysteria, and withdrawal. Furthermore, the ALJ improperly stated facts relating to Anwari's treatment at the time of Dr. Coyle's evaluation. Overall, the ALJ mischaracterized medical evidence and failed to follow the requirements of the federal law and regulations. Thus, the ALJ improperly decided not to give significant weight to Dr. Coyle's disability opinion.

Lastly, the Commissioner suggests that even if the ALJ's sit/stand option findings were slightly vague, they were still sufficient. However, the court stated that while the ALJ determined Anwari was only partially credible for her alleged pain and inability to stand for prolonged periods, the ALJ was unclear and

vague in articulating the details of Anwari's sit/stand limitations. Thus, the ALJ failed to bridge the evidence between the credibility determination and the conclusions. The ALJ failed to articulate the specific reasons for discounting Anwari's testimony and further failed to articulate clearly these details to the vocational expert. Therefore, the ALJ's credibility determination and sit/stand option findings were improper.

In the end, the court must make one global determination regarding whether the Commissioner's position was substantially justified. *Scoles*, 2009 WL 1010425, at *4 (*citing Golembiewski*, 382 F.3d at 724; *Godbey v. Massanari*, 2001 WL 1035205, at *2 (N.D. Ill. Sept. 4, 2001); *Lane v. Apfel*, 2001 WL 521835, at *3 n.6 (N.D. Ill. May 16, 2001)(emphasizing that a court must not count arguments, but instead must focus on the "totality of the circumstances" when considering whether the Commissioner's position was substantially justified)). "In general, . . . if the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees. If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* [*v. Barnhart*, 440 F.3d 862, 865 (7th Cir. 2006)] teaches that it will probably not be an abuse of discretion to deny fees." *Scoles*, 2009 WL 1010425, at *4 (*quoting Purvis v. Barnhart*, 2006 WL 3354518, at *2 (S.D. Ind. Nov. 16, 2006)). The ALJ contravened longstanding agency regulations and federal law, as well as judicial precedent, in failing to

8

consider the medical evidence and record.  The ALJ committed similar errors of law and fact regarding the credibility determinations of Sangster and Anwari.  Consequently, the Commissioner has failed to carry the burden of establishing that a defense of the ALJ's decision was substantially justified.  *See* ***Sayles v. Barnhart***, 2002 WL 989455, at *2 (N.D. Ill. May 14, 2002)(finding the Commissioner was not "substantially justified" in defending an ALJ's decision that contained inconsistencies on a central issue in the case).  Thus, Anwari is entitled to an award of fees.

Anwari seeks attorney fees for 32.2 hours of work at the rate of $162.00 per hour.  The Commissioner offered no objection to the rate or hours sought by Anwari.  Accordingly, the court will award EAJA fees in the amount of $5,216.40.  *See* ***Golembiewski***, 382 F.3d at 722.

_____

For the aforementioned reasons, the court **RECOMMENDS** that the Motion for Award of Attorney's Fees Pursuant to the Equal Justice Act filed by the plaintiff, Sherry Anwari, on February 2, 2009, be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties shall have ten (10) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court, with extra copies e-mailed to the Chambers of the Honorable Theresa L. Springmann, Judge of the United States District Court, Fort Wayne Division, and the Chambers of United States Magistrate Judge

Andrew P. Rodovich, Hammond Division. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989); *United States v. Johnson*, 859 F.2d 1289, 1294 (7th Cir. 1988); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

ENTERED this 27th day of July, 2009

                                  s/ ANDREW P. RODOVICH
                                      United States Magistrate Judge